Agaj v. Holder

BIA
Straus, IJ
A027 271 131

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand thirteen.

PRESENT:
 REENA RAGGI,
 RICHARD C. WESLEY,
 CHRISTOPHER F. DRONEY,
  *Circuit Judges.*
_____

MEHMET AGAJ, AKA AGAJ MOHMET,

 *Petitioner,*

 v.                          11-5271
                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
 *Respondent.*
_____

FOR PETITIONER:        Sokol Braha, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Annette M. Wietecha, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mehmet Agaj, a native and citizen of Albania, seeks review of a November 30, 2011, order of the BIA affirming the November 2, 2009, decision of Immigration Judge ("IJ") Michael W. Straus, which denied Agaj's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mehmet Agaj*, No. A027 271 131 (B.I.A. Nov. 30, 2011), *aff'g* No. A027 271 131 (Immig. Ct. Hartford Nov. 2, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Agaj challenges only the agency's denial of CAT relief, arguing that the IJ applied an erroneously high burden of

2

proof by requiring him to show that he would be "singled out" for torture.  However, based on the evidence Agaj submitted in support of his application for CAT relief, including his testimony that he feared returning to Albania because of threats he received in 1995, the agency did not err in concluding that Agaj failed to meet his burden of showing that he, in particular, would likely be tortured by Albanian government officials.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (denying petition seeking CAT relief for failing to provide "particularized evidence to support [petitioner's] claim"); *see also Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003) (denying habeas petition seeking CAT relief for failing to establish that "someone in his particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)); *see also Jian Xing Huang* v. INS, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) ("In the absence of solid support in the record for [petitioner's claim], his fear is speculative at best.").

Agaj also argues that the IJ erroneously required him to show a pattern or practice of persecution.  However, the IJ appropriately considered all of the evidence in

3

determining whether Agaj established it was more likely than not that he would be tortured in Albania. 8 C.F.R. § 1208.16(c)(2). Moreover, even assuming that the IJ misstated and misapplied the law, there is no error requiring remand because the BIA applied the correct legal standard in denying CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

    For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

4